UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

FILED

2007 APR -9 P 4: 14

U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY _____ CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:91-cr-115 -03 |
| ) | Judge Edgar |
| KEVIN LAMONT KENNEMORE ) | |

## MEMORANDUM AND ORDER

Defendant and federal prisoner Kevin Lamont Kennemore moves *pro se* to modify and reduce his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). [Doc. No. 403]. Section 3582(c)(2) provides that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the United States Sentencing Commission, the Court, in its discretion, may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent the factors are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Kennemore seeks relief under Amendment 591 which was adopted by the Sentencing Commission effective November 1, 2000. Amendment 591 is listed in United States Sentencing Guideline ("U.S.S.G.") § 1B1.10(c) as being retroactive. *United States v. Smith*, 88 Fed. Appx. 71 (6th Cir. 2004); *United States v. Shepherd*, 83 Fed. Appx. 88 (6th Cir. 2003).

After reviewing the record, the Court concludes that the motion is frivolous and must be denied. It is not necessary for the United States of America to respond to the motion. Kennemore's reliance on Amendment 591 is entirely misplaced. Kennemore cannot obtain any relief pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive application of Amendment 591.

1

404

The Sentencing Commission explains that the reason for Amendment 591 is to address a circuit conflict regarding the question whether the enhanced penalties in U.S.S.G. § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) apply only in a case in which the defendant was convicted of a criminal offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug offenses committed in a protected location involving a protected individual. In sum, Amendment 591 is applicable retroactively where a defendant's sentence has been enhanced under U.S.S.G. § 2D1.2. *Smith*, 88 Fed. Appx. 71; *United States v. Augarten*, 84 Fed. Appx. 564 (6th Cir. 2003); *Shepherd*, 83 Fed. Appx. 88.

Amendment 591 is not applicable in Kennemore's case. Amendment 591 does not affect or have any impact on the calculation of Kennemore's sentence because Kennemore's guideline offense level was not enhanced pursuant to U.S.S.G. § 2D1.2. Kennemore's guideline sentencing range was not calculated with reference to U.S.S.G. § 2D1.2. Instead, the guideline range for Kennemore's sentence was determined under U.S.S.G. § 2D1.1. Amendment 591 does not alter or modify U.S.S.G. § 2D1.1.

Accordingly, Kennemore's motion pursuant to 18 U.S.C. § 3582(c)(2) to modify and reduce his sentence of imprisonment based on a retroactive application of Amendment 591 is **DENIED**. *Smith*, 88 Fed. Appx. 71; *Augarten*, 84 Fed. Appx. 564; *Shepherd*, 83 Fed. Appx. 88; *United States v. Chambers*, 46 Fed. Appx. 276, 278 (6th Cir. 2002); *Griffin v. United States*, 2006 WL 2788010, * (E.D. Mich. Sept. 26, 2006); *see also, United States v. Wright*, 161 Fed. Appx. 800 (10th Cir. 2006) (Motion brought under 18 U.S.C. § 3582(c)(2) denied holding that the Amendment 591 changes to U.S.S.G. § 2D1.2 did not affect the defendant's sentence since defendant was sentenced

under U.S.S.G. § 2D1.1 and not § 2D1.2); *Salcedo v. United States*, 2003 WL 22137983 (S.D.N.Y. Sept. 17, 2003); *United States v. Dodd*, 2003 WL 23319651 (E.D. Va. March 18, 2003); *United States v. Swift*, 2001 WL 34395882 (E.D. Va. May 10, 2001).

SO ORDERED.

ENTER this 9th day of April, 2007.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE
